[Civ. No. 8837.   Third Dist.   Oct. 19, 1956.]

ESTHER UNDERWOOD, Appellant, v. MILLARD FILL-
MORE ALEXANDER, Respondent.

Philander Brooks Beadle and Myer N. Penn for Appellant.

Alexander, Bacon & Mundhenk and Herbert Chamberlin for Respondent.

VAN DYKE, P. J.—This is an appeal by the plaintiff from a judgment entered upon a jury verdict for the defendant. Appellant brought the action to recover damages for personal injuries received in an intersection collision between an automobile wherein she was riding as a guest, and which was making a left turn at the intersection, and an automobile driven by respondent.

■ Herein, appellant contends that respondent was negligent as a matter of law and that the trial court committed prejudicial error in giving a certain instruction. The following is a statement of facts sufficient for the resolution of the issue proposed, culled from the record in accordance with the rule that the evidence is to be considered most strongly for the respondent and without regard to conflicting testimony: The collision occurred at 11:30 p. m. on March 18, 1953, at the intersection of Highway 40 and Georgia Street, a public road in Solano County. The intersection of the two roads is near the city of Vallejo, and Highway 40 runs north and south at that point. Respondent was driving his vehicle south and toward the intersection. Appellant's hostess, a Mrs. Barker, was driving her automobile north toward the intersection. She intended to turn left and proceed on Georgia Street. Highway 40 at the point of the collision and for some distance on either side is a four-lane highway with the north and south lanes separated by a dividing strip. Approaching Georgia Street special lanes were provided for turning onto that street. Traffic at the intersection was controlled by green and red traffic control signals, but unlike other intersections in the vicinity there was no special traffic control signal for left turns. For example, when the signal for southbound traffic on Highway 40 was green at the intersection the signal was also green for northbound traffic on the highway and for traffic desiring to turn left into Georgia Street at the intersection. There was, however, a warning sign bearing the legend "two way signal, watch for opposing traffic." In his southbound course on Highway 40 respondent approached its intersection with Georgia Street at a speed which he estimated to be about 35 miles an hour. (Another eyewitness estimated his speed at 60 miles an hour.) It was dark, rain was falling, the pavement was wet and his windshield wipers were operating. His automobile was in good mechanical condition and equipped with good tires and brakes. He was traveling on the inside traffic lane next to the dividing strip. Visibility ahead had a range of about 300 feet. Respondent was watching the road ahead as he neared the intersection. He had been over the road a number of times and was familiar with the intersection and with the system of traffic control signals. The light ahead of him was green at all times as he neared the intersection. He first saw the Barker car when he was about

40 feet north of the intersection, and that car was then making a left turn directly into the path of his automobile. It continued to move forward, he applied his brakes and reduced his speed to about 30 miles an hour, at which speed he struck the right side of the other car. In her northbound course on Highway 40 Mrs. Barker approached the intersection at a speed of about 30 miles an hour. She moved into the turn-out or left lane, intending to make a left turn at Georgia Street, which turn would carry her across the southbound lanes of the highway. When she reached the intersection the signal was red and she stopped. She had been through the intersection many times and was familiar with the situation confronting her. She so testified; but it is in evidence that she told an arriving traffic officer she "thought the green light was for vehicles turning left." From the stopped position at the intersection Mrs. Barker saw respondent's automobile approaching. She remained in this stopped position for a few seconds, even after the signal had turned to green and then started to make her left turn. She said that before she started she saw respondent's automobile about 350 feet away and that as her car began facing west the approaching car was around 275 feet distant. She continued to drive forward and make the left turn at a speed testified to as being from 8 to 25 miles per hour. She did not again see the respondent's car until it was 10 feet away from her. There was testimony that the collision occurred in the inside southbound traffic lane and other testimony that the collision occurred in the outside southbound lane.

We think the contention of the appellant that respondent was guilty of negligence as a matter of law cannot be sustained; and, on the contrary, that the question of his negligence was one for the jury. The jury could, of course, resolve the question of what the true situation was in one of various ways from the foregoing evidence. For instance, the jury could conclude that respondent had arrived at a point close to the intersection before the Barker car began to turn, so that its turn could not be made without interfering with respondent's progress. In that situation respondent would have the right of way and would be entitled to rely upon opposing traffic to yield until the circumstances were such in the judgment of the jury that he could no longer make that assumption. The jury could further conclude that by the time that situation arose, the approaching car was

intercepting his path at such speed that he could not stop and that he did whatever he could to lessen his speed before the impact. We hold that the record will not sustain the contention that respondent was negligent as a matter of law.

■ Appellant contends that the court prejudicially erred in giving the following instruction to the jury: "If you find that the sole proximate cause of the accident was due to the fact, if it be the fact, that Mrs. Barker suddenly and improperly made a turn into the path of defendant's car, then this completely exonerates defendant from any liability, and under such circumstances your verdict should be in his favor." Appellant says of this instruction that it was a formula instruction which told the jury that under a given condition defendant was completely exonerated from liability, and that the verdict should then be in his favor; that the condition as stated was no more than that the sole proximate cause of the accident was "due to" the fact of Mrs. Barker's suddenly and improperly turning into the path of defendant's car. Says appellant: "If the instruction were followed, defendant was thus exonerated from liability even though his negligence were found to be the sole proximate cause of the accident, providing only that his negligence was due to Mrs. Barker making a sudden and improper turn." We do not think that the jury could have so construed the instruction, particularly in view of the fact that they had been carefully and fully instructed on the subject of proximate cause and told repeatedly that if the negligence of the defendant, should the jury find him to have been negligent, was a proximate cause of the accident, then their verdict should be for the plaintiff. We think the instruction challenged would have been understood by the jury as saying no more than that if the sole proximate cause of the accident was the improper conduct of Mrs. Barker, then the defendant was entitled to her verdict. So understood, the instruction was correct.

The judgment appealed from is affirmed.

Peek, J., and McMurray, J. pro tem.,* concurred.

Appellant's petition for a hearing by the Supreme Court was denied December 12, 1956.

*Assigned by Chairman of Judicial Council.